# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
ANDREW R. PERRONG
1657 THE FAIRWAY #131, JENKINTOWN, PA 19046

### DEFENDANTS
OX CAR CARE INC
251 LITTLE FALLS DRIVE WILMINGTON, DE 19808

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  NEW CASTLE
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
ANDREW R. PERRONG (PRO SE)
1657 THE FAIRWAY #131, JENKINTOWN, PA 19046
215-791-6957

Attorneys *(If Known)*
Christopher P. Meier, Esq.
100 West Cypress Creek Road Suite 700 Ft. Lauderdale, FL 33309
954-734-1836

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| | | | | ☐ 864 SSID Title XVI | ☒ 890 Other Statutory Actions |
| | | | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty **Other:** | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
TELEPHONE CONSUMER PROTECTION ACT "TCPA" 47 USC 227; 47 CFR 64.1200
Brief description of cause:
DEFENDANTS CALLED PLAINTIFF IN VIOLATION OF THE TCPA

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $** 18,000.00
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____
DOCKET NUMBER _____

DATE: 07/24/2019
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

WB

19 3224

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 1657 The Fairway #131 Jenkintown, PA 19046

Address of Defendant: 251 LITTLE FALLS DRIVE WILMINGTON, DE 19808

Place of Accident, Incident or Transaction: By telephone call to my private telephone

---

**RELATED CASE, IF ANY:**

Case Number: 2:18-cv-05027   Judge: Hon. Nitza I. Quinones Alejandro   Date Terminated: 01/07/2019

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes [ ]  No [✓]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes [✓]  No [ ]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes [ ]  No [✓]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes [ ]  No [✓]

I certify that, to my knowledge, the within case [✓] is / [ ] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 07/24/2019   *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.  Federal Question Cases:**

1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [ ] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [✓] All other Federal Question Cases
    *(Please specify):* TCPA, 47 USC 227

**B.  Diversity Jurisdiction Cases:**

1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify):* _____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Andrew R. Perrong, counsel of record *or* pro se plaintiff, do hereby certify:

[ ] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[✓] Relief other than monetary damages is sought.

DATE: 07/24/2019   *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)



# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| ANDREW PERRONG | : | CIVIL ACTION |
| v. | : | |
| OX Car Care et al. | : | NO. 19 3224 |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (✓)

| 7/24/2019 | Andrew Perrong | PLAINTIFF PRO SE |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-791-6957 | 888-329-0305 | ANDYPERRONG@GMAIL.COM |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

WB

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW R. PERRONG<br>1657 The Fairway #131 Jenkintown, PA 19046<br><br>Plaintiff,<br>vs.<br><br>OX CAR CARE, INC<br>251 LITTLE FALLS DRIVE<br>WILMINGTON, DE 19808,<br><br>MIKE MARDARESCO<br>a/k/a MIRCEA MARDARESCO<br>a/k/a MIKE MARDARESCU<br>a/k/a MIRCEA MARDARESCU<br>Individually and as Principal of OCC,<br>18012 COWAN, SUITE 100,<br>IRVINE, CA 92614,<br><br>GIAVONNA HUNT<br>a/k/a/ GIA HUNT<br>Individually and as Manager of OCC,<br>18012 COWAN, SUITE 100,<br>IRVINE, CA 92614,<br><br>and<br>DOES 1 through 100, inclusive,<br><br>Defendants. | Civil Action<br>No. 19   3224<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>Jury Trial Demanded |

Plaintiff ANDREW R. PERRONG brings this action for damages, restitution, reinstatement, statutory damages, punitive damages, sanctions, interest, court costs, and injunctive relief under rights pursuant to Federal Statute under 47 U.S.C. 227, and 47 C.F.R. 64 for the *ultra vires* illegal actions and deliberate and knowing tortious activity of OX CAR CARE, INC, ("OCC"), MIKE MARDARESCO (AKA MIRCEA/MIKE MARDARESCO/ MARDARESCU), Individually and as Principal of OCC ("MARDARESCO"), GIAVONNA

1

HUNT AKA GIA HUNT, Individually and as Manager of OCC ("HUNT"), and Does 1 through 100, inclusive, in negligently and/or willfully contacting Plaintiff via Plaintiff's telephone to solicit sales ("Sales Calls"), by utilization of an automatic telephone dialing system, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* and related claims that form part of the same claim or controversy. Plaintiff demands a trial by jury, and complains and alleges as follows:

## I. Introduction

1. Defendant OX CAR CARE, INC ("OCC") is a company located in California and domestically incorporated in the State of Delaware. OCC markets, and sells, *inter alia,* vehicle extended "warranty" services to individuals throughout Pennsylvania and other states in the US. Its registered agent address for service of process is located at 251 LITTLE FALLS DRIVE WILMINGTON, DE 19808.

2. Plaintiff brings this action to challenge Company's practices in the telephone solicitation of their products and services. Specifically, Plaintiff challenges Company's and Company's agents' illegal telephone solicitations by which they market their products and services, illegal Calls made using an automatic telephone dialing system and robocalls, and failure to maintain a Do-Not-Call policy or list in connection therewith.

3. All of the claims asserted herein arise out of Company's illegal telephone solicitation campaign and are a common fact pattern.

## Jurisdiction and Venue

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), in that

Defendants conduct business in, and a substantial part of the events giving rise to plaintiff's claims occurred in, Pennsylvania's Montgomery County, which lies within this judicial district, pursuant to 28 U.S.C. §118. Plaintiff received the phone calls to a 215-area code number, registered in this judicial district. Each of the Defendants has sufficient minimum contacts with this District, and otherwise purposely avail themselves of the markets in this District. Also, see *Lary V. The Doctors Answer, LLC* CV-12-S-3510-NE (N.D. Ala. March 8, 2013.), a Federal Telephone Consumer Protection Act case, which held that "venue is proper in the district where [plaintiff] resides because the injury did not occur when the facsimile was sent… ; it occurred when the [facsimile] was received."

## II. Parties

6. Plaintiff ANDREW PERRONG ("Plaintiff") is an individual who received the alleged phone calls on his private cellular telephone line mentioned herein. Plaintiff is an adult individual and citizen of the Commonwealth of Pennsylvania who may be mailed at 1657 The Fairway #131 Jenkintown, PA 19046.

7. Defendant OX CAR CARE, INC ("OCC") is a company located in California and domestically incorporated in the State of Delaware. OCC markets, and sells, *inter alia,* vehicle extended "warranty" services to individuals throughout Pennsylvania and other states in the US. Its registered agent address for service of process is located at 251 LITTLE FALLS DRIVE WILMINGTON, DE 19808.

8. Defendant MIKE MARDARESCO (AKA MIRCEA/MIKE MARDARESCO/ MARDARESCU) is an adult individual who is the Primary Owner of OCC. Due to the ambiguity of naming, this individual will be referenced to as "MARDARESCO" throughout the complaint. Upon information and belief, his birth year is 1985. As Principal of OCC,

MARDARESCO is the primary individual who reaps the benefit of the tortious and illegal conduct described herein that is technically carried out only in Company's name. Such tortious, or *ultra vires*, conduct exceeds the permissible actions of corporations both in California, Delaware, Pennsylvania, and nationwide.

9. Defendant GIAVONNA HUNT AKA GIA HUNT is an adult individual who is the Primary Manager of OCC. Upon information and belief, her birth year is 1985 or 1988. As Primary Manager of OCC, HUNT is an individual who reaps the benefit of the tortious and illegal conduct described herein that is technically carried out only in Company's name. Such tortious, or *ultra vires*, conduct exceeds the permissible actions of corporations both in California, Delaware, Pennsylvania, and nationwide.

10. Except as described herein, Plaintiff is ignorant of the true names of Defendants sued as Does 1 through 100, inclusive, and the nature of their wrongful conduct, and therefore sues these Defendants by such fictitious names. Plaintiff will seek leave of the Court to amend this complaint to allege their true names and capacities when ascertained.

11. At all times herein mentioned, OCC, MARDARESCO, HUNT, and the Doe Defendants, (collectively, "Defendants"), and each of them, were an agent or joint venture of each of the other, and in doing the acts alleged herein, were acting within the scope of such agency. Each Defendant had actual and/or constructive knowledge of the acts of each of the other Defendants, and ratified, approved, joined in, acquiesced and/or authorized the wrongful acts of each co-Defendant, and/or retained the benefits of said wrongful acts.

12. Defendants, and each of them, aided and abetted, encouraged and rendered substantial assistance to the other Defendants in committing the wrongful acts alleged herein. In taking action, as particularized herein, to aid and abet and substantially assist the commission of these

wrongful acts and other wrongdoing complained of, each of the Defendants acted with an awareness of its primary wrongdoing and realized that its conduct would substantially assist the accomplishment of the wrongful conduct, wrongful goals, and wrongdoing.

13. At all times herein mentioned, Defendants conspired by means of mutual understanding, either expressly or impliedly, among themselves and others in engaging and/or planning to engage in the activities detailed herein to accomplish the wrongful conduct, wrongful goals, and wrongdoing.

14. The TCPA imposes personal liability on individuals who participate in or commission telemarketing calls.

15. Under the TCPA, an individual such as MARDARESCO or HUNT may be personally liable for the acts alleged in this Complaint pursuant to 47 U.S.C. § 217, the Communications Act of 1934, as amended, of which the TCPA is a part, which reads, *inter alia*: "[T]he act, omission, or failure of any agent, or other person acting for or employed by any common carrier or user, acting within the scope of his employment, shall in every case be deemed to be the act, omission, or failure of such carrier or user *as well as of that person*." 47 U.S.C. § 217 (emphasis added).

16. When considering individual officer liability, other Courts have agreed that a Corporate officer involved in the telemarketing at issue may be personally liable under the TCPA. *See, e.g., Jackson v. Five Star Catering, Inc., v. Beason*, 2013 U.S. Dist. LEXIS 159985, *10 (E.D. Mich. Nov. 8, 2013), which stated that "[M]any courts have held that corporate actors can be individually liable for violating the TCPA where they 'had direct, personal participation in or personally authorized the conduct found to have violated the statute.'" *See also Maryland v.*

*Universal Elections*, 787 F. Supp. 2d 408, 415-16 (D. Md. 2011), stating that "If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force."

17. MARDARESCO and HUNT are personally liable under the "participation theory" of liability because they are the Principal owner and controlling manager of OCC, knew of Company's violations, and directed employees and/or agents of Company to continue making those violations, as well as made the violations themselves. Furthermore, MARDARESCO is personally liable because he is personally responsible for ensuring Company's employees' TCPA compliance. Furthermore, Mr. MARDARESCO is no stranger to the TCPA, having had a number of cases filed against him in his position as business owner of various other entities alleged to have violated the TCPA and has had adverse judgements rendered against him for these violations.

### III. Factual Allegations

18. In or about June 25th, 2019, Plaintiff received the first of multiple calls made using an automatic telephone dialing system ("ATDS"), or robocall, by Defendants and/or their agents at Plaintiff's personal cellular telephone number, 215-208-9484, for which he is charged for the call per minute. Plaintiff had not consented to this solicitation, and Plaintiff's telephone number was on the Federal Do-Not-Call Registry.

19. All the calls bore the same caller ID, 844-299-0885, the main telephone number for Ox Car Care as listed on OCC's website, https://oxcarcare.com.

20. Plaintiff answered the call in an effort to identify the caller. When Plaintiff answered

the call, he heard much background noise, machine noise, and an audible pause and click before saying "Hello" and then a few seconds later, an agent came on the line and sounded confused about whether or not someone was on the line.

21. During this call, Plaintiff spoke with Defendant HUNT from "Ox Car Care." HUNT indicated she was calling because Plaintiff had a "payment" that was due on a policy he allegedly had with "Ox Car Care."

22. To the best of Plaintiff's knowledge, information, and belief, Plaintiff has never had any business relationship with Defendants, despite their claims during the call to the contrary.

23. Plaintiff told the caller that he had no idea what they were talking about, told the caller not to call him back, and hung up after receiving confirmation that he would be removed from Defendants' "calling system."

24. Defendants' admission that they use a "calling system" is an admission that they use a system that meets the statutory definition of an ATDS. This call was placed using an ATDS because of the delay to be connected to a representative, as well as the noise made when the call was connected to a representative.

25. In addition, Plaintiff had affirmatively revoked any purported consent in one in-court and one out-of-court action with Defendants. See *Perrong v. Ox Car Care, Inc.*, Civ. No. 2:18-cv-5027 (E.D. Pa. Nov. 20, 2018). Defendants had no reason to continually call Plaintiff, save for Plaintiff remaining on some automated calling list of Defendants'.

26. Defendants are apparently recidivist TCPA offenders, since, after contacting counsel for Defendants regarding this latest call and despite threatening suit *the very day* that Plaintiff received the following two calls, Plaintiff received two more calls from Defendants and the same caller ID.

7

27. The first of these two calls occurred July 23, at 5:50 PM. Plaintiff said "Hello" multiple times and heard silence, and then a confused male voice with "Hello?," at which point the call disconnected.

28. This call was placed using an ATDS, since there was again a long delay before Plaintiff was connected to a representative, and the representative expressed confusion as to whether or not the call was connected.

29. The second of these calls occurred July 23 at 6:12 PM. During this call, Plaintiff spoke with "Gia" who realized her mistake only upon hearing Plaintiff's voice, denied her name was "Gia" or that she was calling from Ox Car Care, and then hung up. The voice on this call was identical to that on the call on June 25. This was, in fact, Defendant HUNT.

30. Based on the inaccurate information given during the call and its scripted nature, it is clear that this message was sent *en masse* to thousands of "former customers" and "subscribers" on or about the same date and time that the plaintiff received his. Moreover, the inability to process do-not-call requests, despite being sued over the same issue once, indicates that no human being was on the line until plaintiff answered the telephone, upon which time the autodialer connected Plaintiff to the caller, which would then realize its mistake. Most ATDS autodialers simply do not have the capacity to process Do-Not-Call requests, and, if they do, this functionality is often not utilized. In addition, no normal caller expresses confusion as to whether or not a call is connected unless they are using an ATDS. The calls were there clearly sent using a scripted "automatic telephone dialing system."

31. To the best of Plaintiff's knowledge, none of the Defendants are licensed under any authority or capacity to sell insurance or vehicle service plans. Upon information and belief, Defendants sell a third-party warranty serviced by Palmer Administration.

8

32. Plaintiff had contacted Defendants and requested to be placed on Defendants' Do-Not-Call List and receive a copy of Defendants' Do-Not-Call policy, but never received anything, up to and including the date of this filing. This is also the case as to the previous lawsuit filed by Plaintiff in December.

33. Defendants are recidivist TCPA offenders. This is not Plaintiff's first or even second run-in with Defendants, and it is not Defendants' first time being sued for violating the TCPA. The Plaintiff has previously received automated telemarketing calls from Defendants and altered them that those calls violated the TCPA. Plaintiff had previously spoken to counsel for Defendants regarding TCPA compliance, alleged prior violations of the TCPA, and had requested Defendants' Do-Not-Call policy and requested to be placed on Defendants' Do-Not-Call list.

34. Because Plaintiff asked to receive Defendants' Do-Not-Call policy and did not, it is evident that Defendants do not maintain such a policy. Likewise, based on this fact, and the fact that Defendants have no clue who they are calling and use trickery and confusion to make a sales pitch, it is clear that Defendants do not have any Do-Not-Call lists or procedures in place. Based on the nature of their illegal activities, Defendants' noncompliance with the law in this regard is unsurprising.

35. Plaintiff received the calls on his private cellular telephone, which is, in addition to being a cellular telephone, is a telephone for which he is charged for the calls, as defined and set forth in 47 CFR § 64.1200(a)(1)(iii).

36. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice… to any telephone

9

number assigned to a... cellular telephone service... or any service for which the called party is charged for the call." *See* 47 U.S.C. § 227(b)(1)(A)(iii). As stated immediately above, the calls were placed using an automatic telephone dialing system to Plaintiff's private cellular telephone line, on which he is charged for the call.

37. The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). *See* 47 U.S.C. § 227(b)(3).

38. The TCPA provides a private cause of action to persons who receive calls in violation of any of the implementing regulations codified in 47 CFR 64.1200. *See* 47 U.S.C. § 227(c)(5).

39. Plaintiff was harmed by the calls. He was temporarily deprived of legitimate use of his phone because his phone line was tied up, it used up his minutes, he wasted energy and stress in answering a call, his telephone batteries and electricity were depleted, he was charged for the calls, and his privacy was improperly invaded. Moreover, the calls injured Plaintiff because they were frustrating, obnoxious, annoying, were a nuisance and disturbed the solitude of Plaintiff.

40. Plaintiff adequately confirmed corporate identity for each and every call so as to establish liability of Defendants, as more fully outlined above.

41. These telephone solicitations constituted "calls" under the TCPA that were not for emergency purposes.

42. Plaintiff did not provide any one, more, or all Defendants, nor any agent of Defendants, prior express written consent, or any other form of consent, express or implied, to cause Plaintiff to receive telephone calls on his personal telephone that utilized an "automatic telephone dialing system" or otherwise to transmit a message or make calls.

43. As a point of fact, to the extent that "consent" was supplied during the calls, that was

done in order to discover the identity of the caller and for no other reason. Courts have held this to be legitimate and have not held such "consent" to be detrimental to a plaintiff bringing a TCPA action. *See* for instance, Bank v. Caribbean Cruise Line, which held that "Purporting to obtain consent during the call, such as requesting that a consumer "press 1" to receive further information, does not constitute the prior consent necessary to deliver the message in the first place, as the request to "press 1" is part of the telemarketing call.... As the FCC has stated, the consent must be made before the call."

44. Plaintiff had no prior business relationship with any one, more, or all of Defendants.

45. The telephone Sales Calls therefore violated 47 U.S.C. § 227(b)(1)(A), 47 U.S.C. § 227(c)(3)(F), 47 CFR 64.1200(d)(1), 47 CFR 64.1200(d)(3), 47 CFR § 64.1200(a)(1)(iii), 47 CFR § 64.1200(a)(1), and 47 C.F.R. 64.1200(c)(2).

## IV. Causes Of Action

### First Cause of Action

(Negligent Violation of the TCPA "ATDS" Prohibition, 47 U.S.C. § 227 et seq.)

46. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

47. As a result of Defendants' and Defendants' agents negligent violations of 47 U.S.C. § 227(b)(1)(A), Plaintiff seeks for himself $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

48. Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

### Second Cause of Action

11

(Knowing and/or Willful Violation of the TCPA
"ATDS" Prohibition, 47 U.S.C. § 227 et seq.)

49. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

50. As a result of Defendants' and Defendants' agents knowing and/or willful violations of 47 U.S.C. § 227(b)(1)(A), Plaintiff seeks for himself treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3).

51. Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

### Third Cause of Action

(Negligent Violation of the TCPA "Sales Call/DNC" Prohibition, 47 U.S.C. § 227 et seq.)

52. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

53. As a result of Defendants' and Defendants' agents negligent violations of 47 U.S.C. § 227(c)(3)(F), and 47 C.F.R. 64.1200(c)(2), Plaintiff seeks for himself $500 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(3)(F).

54. Pursuant to 47 U.S.C. § 227(c)(5)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

### Fourth Cause of Action

(Knowing and/or Willful Violation of the TCPA
"Sales Call/DNC" Prohibition, 47 U.S.C. § 227 et seq.)

55. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

56. As a result of Defendants' and Defendants' agents knowing and/or willful violations of 47 U.S.C. § 227(c)(3)(F), and 47 C.F.R. 64.1200(c)(2), Plaintiff seeks for himself treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

57. Pursuant to 47 U.S.C. § 227(c)(5)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

### Fifth Cause of Action

(Negligent Violation of the TCPA "Do-Not-Call Policy" Requirement, 47 CFR 64.1200 et seq.)

58. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

59. As a result of Defendants' and Defendants' agents negligent violations of 47 CFR 64.1200(d)(1), Plaintiff seeks for himself $500 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

### Sixth Cause of Action

(Knowing and/or Willful Violation of the TCPA "Do-Not-Call Policy" Requirement, 47 CFR 64.1200 et seq.)

60. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

61. As a result of Defendants' and Defendants' agents knowing and/or willful violations of 47 CFR 64.1200(d)(1) Plaintiff seeks for himself treble damages, as implied, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

### Seventh Cause of Action

(Negligent Violation of the TCPA "Do-Not-Call List" Requirement, 47 CFR 64.1200 et seq.)

62. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

63. As a result of Defendants' and Defendants' agents negligent violations of 47 CFR 64.1200(d)(3), Plaintiff seeks for himself $500 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

### Eighth Cause of Action

(Knowing and/or Willful Violation of the TCPA
"Do-Not-Call List" Requirement, 47 CFR 64.1200 et seq.)

64. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

65. As a result of Defendants' and Defendants' agents knowing and/or willful violations of 47 CFR 64.1200(d)(3) Plaintiff seeks for himself treble damages, as implied, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

**WHEREFORE, Plaintiff prays for relief against defendants, and each of them, as follows:**

### V.     Prayer for Relief

On Causes of Action 1-8:

1. For awards of $500 for each negligent violation as set forth in actions 1-8;

2. For awards of $1,500 for each knowing/willful violation as set forth in actions 1-8.

3. Injunctive relief against Defendants, and each of them, to prevent future wrongdoing;

Total statutory damages: : **$18,000** (Three counts each of: sales call, ATDS call, failure to put Plaintiff's number on Defendants' Do-Not-Call list, and failure to provide Plaintiff a copy of Defendants' Do-Not-Call policy, at $500 per count of each, with treble damages for each.)

4. Punitive damages to punish Defendants for their willful, illegal, and deliberate tortious conduct and to deter others who may otherwise engage in similar willful illegal and deliberate tortious conduct;

5. Prejudgment interest at the maximum legal rate;

6. Costs of suit herein incurred; and

7. All such other and further relief as the Court deems proper.

### VI. Demand for Jury Trial

Plaintiff hereby demands a trial by jury on all claims so triable.

Dated: **July 24, 2019**

/s/
Andrew Perrong
*Plaintiff Pro-Se*
1657 The Fairway #131
Jenkintown, PA 19046
Phone: 215-791-6957
Facsimile: 888-329-0305
andyperrong@gmail.com